UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LARRY PETE PORTER, JR.,

                Plaintiff,

    v.                              Case No. 25-cv-760-pp

WAUKESHA COUNTY, *et al.*,

                Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

Plaintiff Larry Peter Porter, Jr., who is incarcerated at Green Bay Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants provided inadequate medical treatment. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.      Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then

must pay the balance of the $350 filing fee over time, through deductions from his prison trust account. Id.

On June 2, 2025, the court ordered the plaintiff to pay an initial partial filing fee of $25.04. Dkt. No. 6. The court received that fee on August 21, 2025. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II.    Screening the Complaint

### A.    Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts,

"accepted as true, to 'state a claim to relief that is plausible on its face.'"
Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.
Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the
plaintiff pleads factual content that allows a court to draw the reasonable
inference that the defendant is liable for the misconduct alleged." Id. (citing
Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege
that someone (a person) deprived him of a right secured by the Constitution or
the laws of the United States, and that whoever deprived him of this right was
acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d
793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570
F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by
plaintiffs who are representing themselves and holds such complaints to a less
stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720
(citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.    The Plaintiff's Allegations

The complaint concerns events that allegedly occurred while the plaintiff
was incarcerated at the Waukesha County Jail. Dkt. No. 1 at 2. The complaint
names as defendants Waukesha County, the Waukesha County Jail and
Wellpath Medical. Id. at 1–2.

The plaintiff alleges that Wellpath has contracted with Waukesha County
to provide medical care for persons incarcerated at the jail. Id. at 2. He says
that from April 26 through May 9 (he does not say of which year), Wellpath

delayed his medical treatment for no reason. <u>Id.</u> The plaintiff says that he did not receive his medication when he arrived at the jail from prison, which resulted in him suffering "from unnecessary pain daily and possibly [*sic*] cause[d] serious adverse effects to [his] past and p[re]sent health." <u>Id.</u> He alleges that "[r]ecords will show that this medical delay was unnecessary, unlawful and unjustified." <u>Id.</u> The plaintiff says that he attempted to resolve this issue with Wellpath and security staff at the jail by telling them that he was bleeding when he used the bathroom and throwing up in his sleep. <u>Id.</u> at 2–3. He says that he wrote requests and messages but that no one saw him, checked on him or provided him his medication. <u>Id.</u> at 3. He alleges that someone wrote to him and told him that he was "able to get" his medications, but he still did not receive his medication. <u>Id.</u> He further alleges that "[m]edical staff" have not examined him to determine the cause of his pain. <u>Id.</u>

The plaintiff asserts that these actions constituted medical malpractice and deliberate indifference to his medical needs. <u>Id.</u> He seeks unspecified money damages and asks that Wellpath "take people health seriously." <u>Id.</u> at 4.

C.      <u>Analysis</u>

The plaintiff cannot proceed on his complaint as written. As the court explained above, a plaintiff may bring a lawsuit under §1983 only against *persons* who have violated the plaintiff's rights while acting under color of state law. The plaintiff has not identified any *person* who violated his rights. He seeks to sue Waukesha County, the Waukesha County Jail and Wellpath Medical.

4

A local government such as a municipality or county "cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." <u>Monell v. New York City Dep't of Soc. Servs.</u>, 436 U.S. 658, 691 (1978) (emphasis in original). A municipality may "be held liable under § 1983 only for its own violations of federal law." <u>Los Angeles County v. Humphries</u>, 562 U.S. 29, 36 (2010) (citing *Monell*, 436 U.S. at 694). To demonstrate municipal liability, a plaintiff "must demonstrate that there was an 'official policy, widespread custom, or action by an official with policy-making authority [that] was the "moving force" behind his constitutional injury.'" <u>Estate of Perry v. Wenzel</u>, 872 F.3d 439, 461 (7th Cir. 2017) (quoting <u>Daniel v. Cook County</u>, 833 F.3d 728, 734 (7th Cir. 2016)). The plaintiff has not alleged that his medical treatment was delayed because of an unconstitutional policy, practice or custom of Waukesha County. He alleges that Wellpath staff simply refused to give him his medication or provide treatment. These allegations are insufficient to hold Waukesha County liable for the actions of Wellpath staff.

The plaintiff has not stated a claim against Wellpath for similar reasons. A private corporation, like Wellpath, that has contracted to provide essential government services, such as health care for incarcerated persons, "cannot be held liable under § 1983 unless the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself." <u>Shields v. Illinois Dep't of Corr.</u>, 746 F.3d 782, 789 (7th Cir. 2014). The private corporation may not be held liable for the actions of its employees under a theory of *respondeat*

5

*superior*. Id. (citing <u>Iskander v. Village of Forest Park</u>, 690 F.2d 126, 128 (7th Cir. 1982)). The plaintiff has not alleged that his medical treatment was delayed because of a policy or custom of Wellpath. He alleges only that Wellpath staff refused to treat him or provide him his medication for about two weeks while he was at the jail. These allegations are insufficient to hold Wellpath liable for the actions of its employees.

The plaintiff also may not proceed against the Waukesha County Jail because it is not a person. <u>White v. Knight</u>, 710 F. App'x 260, 262 (7th Cir. 2018). As the court explained above, there are circumstances in which a plaintiff may sue a *municipality* under §1983. <u>See</u> <u>Monell</u>, 436 U.S. 658. But the jail is not a municipality. Under Wisconsin law, the jail is a unit of the Waukesha County Sheriff's Department, which "is not a legal entity separable from the county government which it serves" and is not subject to suit under §1983. <u>Whiting v. Marathon Cnty. Sheriff's Dep't</u>, 382 F.3d 700, 704 (7th Cir. 2004); <u>see</u> <u>Smith v. Knox Cnty. Jail</u>, 666 F.3d 1037, 1040 (7th Cir. 2012).

The plaintiff alleges that "medical staff" have failed to examine him to determine the cause of his pain. But this general allegation is insufficient to identify or state a claim against any individual. <u>See</u> <u>Taylor v. Ways</u>, 999 F.3d 478, 493 (7th Cir. 2021); <u>Gray v. Weber</u>, 244 F. App'x 753, 754 (8th Cir. 2007) (affirming dismissal of §1983 complaint alleging denial of medical care against defendants identified "only collectively as 'medical staff'").

The complaint names improper defendants and does not state a claim against any properly named defendant. But it is possible that if given the

chance, the plaintiff might be to provide details (such as names) that, combined with other facts, might state a claim. The court will give him an opportunity to amend his complaint to name proper, *human* defendants and to add details to his allegations. When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

The court is enclosing a copy of its amended complaint form. The plaintiff must list the case number for this case on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint. If the plaintiff does not know the names of the persons who denied him his medication or provided inadequate medical treatment, he may use a John or Jane Doe placeholder to identify those persons in his amended complaint. He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the prior complaint and must be complete by

7

itself. The plaintiff may not refer the court back to his original complaint. He instead must repeat in the amended complaint any of the facts from the original complaint that he believes are necessary to his claims.

### III.    Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to receive it by the end of the day on **October 17, 2025**. If the court receives an amended complaint by the above deadline, the court will screen the amended complaint as required by 28 U.S.C. §1915A. If the court does not receive an amended complaint by the end of the day on October 17, 2025, the court will dismiss this case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$324.96** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2).

The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Green Bay Correctional Institution, where the plaintiff is incarcerated.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it

---

[1] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include with this order a guide prepared by court staff to address common questions that arise in cases filed by incarcerated persons. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 16th day of September, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**