UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LARRY PETE PORTER, JR.,

                    Plaintiff,

v.                                     Case No. 25-cv-760-pp

WAUKESHA COUNTY, *et al.*,

                    Defendants.

---

**ORDER SCREENING AMENDED COMPLAINT (DKT. NO. 12) UNDER 28 U.S.C. §1915A**

---

On September 16, 2025, the court screened plaintiff Larry Pete Porter, Jr's complaint under 42 U.S.C. §1983 and determined that it did not state a claim. Dkt. No. 11. The court gave the plaintiff an opportunity to amend his complaint to name proper defendants and to add details to his allegations. Id. at 6–7. On September 26, 2025, the court received the plaintiff's amended complaint, dkt. no. 12, which is now before the court for screening.

**I.**     **Screening the Amended Complaint**

    A.     <u>Federal Screening Standard</u>

As the court explained in the previous order, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the amended complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, the amended complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The amended complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less

stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The amended complaint names as defendants Jane Doe Morning Nurse and John Doe Night Doctor, both of whom work at the Waukesha County Jail. Dkt. No. 12 at 1–2. The plaintiff alleges that between April 26 and May 9, 2025, he asked the Doe defendants why he was not receiving his medication that he had with him when he arrived at the jail. Id. at 2. Both defendants told him that they had no medication for him. Id. The plaintiff says that a captain had approved his medication, but that the Doe nurse and doctor still did not provide it to him. Id. He asserts that the Does delayed his treatment by failing to give him his medication, depriving him of his right to medical treatment and causing him to suffer daily pain. Id. at 2–3. The plaintiff says that "[r]ecords will show" that the delay in his treatment "was unnecessary, unlawful and unjustified." Id. at 3.

The plaintiff states that he attempted to resolve the issue by contacting Wellpath medical and security staff and telling them that that he was "bleeding when [he] use[s] the restroom and throwing up in [his] sleep" without his medication. Id. The plaintiff alleges that "[n]ot once did they" see him, check on him or attempt to determine what was causing his pain. Id.

The plaintiff seeks "money to be sent to [him] and [his] family." Id. at 4. He also "want[s] Waukesha Wellpath Staff to take people health [*sic*]." Id.

C. <u>Analysis</u>

The plaintiff alleges that an unknown nurse and doctor at the jail failed to give him his approved medication or provide treatment for his symptoms, which included daily pain, bleeding when he used the restroom and vomiting in his sleep. The plaintiff does not say whether he was a detainee awaiting trial or whether he had been convicted and sentenced for a crime at the time of the alleged events. The Eighth Amendment governs claims of persons who have been convicted and sentenced, and the Due Process Clause of the Fourteenth Amendment governs claims of pretrial detainees. <u>See</u> <u>Collins v. Al-Shami</u>, 851 F.3d 727, 731 (7th Cir. 2017).

Because it is not clear whether the plaintiff was a pretrial detainee or had been convicted at the time of the alleged events, the court will analyze his claim under the Fourteenth Amendment, which is the easier standard to meet. <u>See</u> <u>Pulera v. Sarzant</u>, 966 F.3d 540, 550 (7th Cir. 2020) (citing <u>Estate of Perry v. Wenzel</u>, 872 F.3d 439, 453 (7th Cir. 2017)). To proceed on his claim under the Fourteenth Amendment, the plaintiff must show that (1) the defendants acted purposefully, knowingly or perhaps recklessly, without regard to their subjective awareness of the risk of inaction and (2) the defendants' response to the medical condition was objectively unreasonable. <u>See</u> <u>Pittman by & through Hamilton v. Madison C'nty, Illinois</u>, 108 F.4th 561, 570–72 (7th Cir. 2024). In other words, once a pretrial detainee proves that a jail official's failure to act was purposeful and intentional, he need only show that the defendants failed to "take reasonable available measures to abate the risk of serious harm." <u>Id.</u> at

572. The plaintiff's allegations must demonstrate that the defendants acted with "'more than negligence but less than subjective intent—something akin to reckless disregard'" to proceed on a Fourteenth Amendment claim. Miranda v. County of Lake, 900 F.3d 335, 353–54 (7th Cir. 2018) (quoting Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018)).

    The allegations in the amended complaint are thin but sufficient to satisfy this standard for the purpose of screening. The plaintiff alleges that he repeatedly told both Doe defendants that he needed his medication (which a captain had approved), but neither provided it to him. He alleges that they instead told him that they had nothing for him. This could suggest that, rather than having the medication but refusing to give it to him, the defendants did not have access to the plaintiff's medication. If that is what happened, then they could not have unreasonably denied providing a medication that they did not have. But the plaintiff says that his medical records will show that the Doe defendants delayed his medication without reason or justification, despite his repeated demands for it. The plaintiff will need to submit evidence confirming that the defendants unreasonably delayed his medical treatment, perhaps by having his medication but refusing to provide it to him. But based on his allegations, which the court accepts as true at this early stage of the proceedings, the plaintiff has stated a Fourteenth Amendment claim against the Doe nurse and doctor.

    To the extent the plaintiff again is attempting to sue Wellpath or the Waukesha County Jail, the court will not allow him to proceed on those claims

for the reasons the court explained in the previous screening order. See Dkt. No. 11 at 5–6 (citing Shields v. Ill. Dep't of Corr., 746 F.3d 782, 789 (7th Cir. 2014); Whiting v. Marathon Cnty. Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004)). The plaintiff also seeks relief against unnamed "Wellpath staff" and "security staff." But the court explained in the previous order that these kinds of "general allegation[s are] insufficient to identify or state a claim against any individual." Id. at 6 (citing Taylor v. Ways, 999 F.3d 478, 493 (7th Cir. 2021); and Gray v. Weber, 244 F. App'x 753, 754 (8th Cir. 2007)).

The court will allow the plaintiff to proceed on a claim under the Fourteenth Amendment against the Jane Doe Morning Nurse and the John Doe Night Doctor. Because the plaintiff does not know the identities of these persons, the court will add Waukesha County Sheriff Eric J. Severson as a placeholder to help the plaintiff identify the defendants. Sheriff Severson is not required to respond to the amended complaint.

After attorneys for Sheriff Severson file an appearance, the plaintiff may serve discovery upon Sheriff Severson (by mailing it to his attorney(s) at the address in the notice of appearance) to get information that will help him identify the Doe defendants. For example, the plaintiff may serve interrogatories (written questions) under Fed. R. Civ. P. 33 or document requests under Fed. R. Civ. P. 34. Because the plaintiff has not stated a claim against Sheriff Severson, the plaintiff's discovery requests must be limited to information or documents that will help him learn the real names of the defendants he is suing. The plaintiff

may not ask Sheriff Severson about any other topic, and Sheriff Severson is under no obligation to respond to requests about any other topic.

After the plaintiff learns the names of the medical officials who he alleges violated his constitutional rights, he must file a motion to substitute their names for the Doe placeholders. Once the plaintiff identifies the Doe defendants, the court will dismiss Sheriff Severson as a defendant. The plaintiff must identify the names of the Doe defendants **within sixty days of Sheriff Severson's attorney appearing**. If he does not do so, or does not explain to the court why he is unable to do so, the court may dismiss his case based on his failure to diligently pursue it. See Civil Local Rule 41(c) (E.D. Wis.).

## II.    Conclusion

The court **DIRECTS** the clerk's office to update the docket and add Waukesha County Sheriff Eric J. Severson as a defendant for the limited purpose of helping the plaintiff identify the names of the Doe defendants.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the amended complaint and this order on Sheriff Severson under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The

U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** that Sheriff Severson is not required to respond to the amended complaint, but he must respond to discovery requests that the plaintiff serves in an effort to identify the Doe defendants' names. Sheriff Severson is not required to respond to discovery requests about any other topic.

The court **ORDERS** the plaintiff to identify the real names of the Doe defendants **within sixty days of Sheriff Severson's attorney filing a notice of appearance**. If by that time the plaintiff does not identify the Doe defendants by that time, or explain to the court why he is unable to identify the Does' real names, the court may dismiss this case based on the plaintiff's failure to diligently pursue it.

The court **ORDERS** that the parties may not begin discovery (except to identify the Doe defendants) until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

Dated in Milwaukee, Wisconsin this 22nd day of October, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**